United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re
PACIFIC THOMAS CORPORATION,

Debtor

KYLE EVERETT, Chapter 11 Trustee,

Plaintiff,

v.

RANDALL WHITNEY, et al.,

Defendants.

Case No. 19-cv-00036-MMC

Bankruptcy Case No. 14-54232 MEH
Adv. No. 14-05114

**ORDER DISMISSING APPEAL WITHOUT PREJUDICE**

Before the Court is defendant/appellant Randall Whitney's ("Whitney") Notice of Appeal, filed in the Bankruptcy Court on December 26, 2018. Having read and considered the Notice of Appeal, as well as the "Statement of Issues on Appeal" filed January 14, 2019, in the Bankruptcy Court, and having reviewed the file, the Court rules as follows.

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158(a) sets forth three circumstances under which a district court has jurisdiction to consider such an appeal, specifically, appeals "from final judgments, orders, and decrees," see 28 U.S.C. § 158(a)(1), "from interlocutory orders and decrees issued under section 1121(d) of title 11 . . .," see 28

U.S.C. § 158(a)(2), and "with leave of court, from other interlocutory orders and decrees," see 28 U.S.C. § 158(a)(3).

Whitney appeals from an order, filed in the Bankruptcy Court on December 12, 2018, denying his "Motion for Disqualification of Bankruptcy Judge Due to Bias or Prejudice." (See Notice of Appeal Ex. A.)  Jurisdiction over such appeal is lacking under § 158(a)(1), as a "denial of a motion to disqualify is not a final order," see United States v. Washington, 573 F.2d 1121, 1122 (9th Cir. 1978), and is lacking under § 158(a)(2), as the challenged order was not issued under § 1121(d).  Consequently, the only possible basis for jurisdiction is § 158(a)(3).

A party who seeks to appeal from an interlocutory order must file, along with a notice of appeal, a "motion for leave to appeal." See Fed. R. Bankr. P. 8004(a)(2). Where, as here, the appellant does not file such motion, the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." See Fed. R. Bankr. P. 8004(d).  As Whitney proceeds pro se, the Court treats Whitney's notice of appeal as a motion for leave and liberally construes it. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (holding "pro se document is to be liberally construed").  So construed, the motion for leave is hereby DENIED, as Whitney has failed to show the order denying his motion for disqualification involves "a controlling question of law" and that "an immediate appeal would materially advance the ultimate termination of the litigation." See Belli v. Temkin (In re Belli), 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001) (setting forth standard for granting motion for leave to appeal from interlocutory order).

Accordingly, the notice of appeal is hereby DISMISSED, without prejudice to refiling upon "entry of the order that finally disposes of the last open claim or party." See id. at 856.

**IT IS SO ORDERED.**

Dated: January 25, 2019

MAXINE M. CHESNEY
United States District Judge

2